UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11505-GAO

VOICE OF THE ARAB WORLD, INC.,
Plaintiff,

v.

MDTV MEDICAL NEWS NOW, INC.,
Defendant and Counterclaimant,

v.

VOICE OF THE ARAB WORLD, INC.,
Counterclaim Defendant.

ORDER
February 25, 2010

O'TOOLE, D.J.

This case presents a trademark dispute. The plaintiff, Voice of the Arab World, Inc. ("VOAW"), commenced the action seeking a declaratory judgment that it does not infringe any rights of the defendant MDTV Medical News Now, Inc. ("Medical News Now"), in the federally registered mark "MDTV," as well as concomitant declarations that VOAW's use of the mark does not constitute unlawful "cybersquatting" (see 15 U.S.C. § 1125(d)) and that VOAW has the right to use the mark in connection with providing information and educational services in the field of medicine to the Arab and Muslim world. Medical News Now answered and counterclaimed for trademark infringement, unfair competition, and cybersquatting. Medical News Now also filed what it styled as a "Third Party Complaint" against the principal and president of VOAW and various other entities not related to either VOAW or Medical News Now.

Medical News Now has moved for a preliminary injunction enjoining VOAW from the use of the mark "MDTV" in Internet postings in connection with medical-related services or goods. After hearing, I conclude that a preliminary injunction should issue.

VOAW has moved to dismiss the "Third Party Complaint" filed by Medical News Now. After hearing, and for the reasons explained below, I will grant the motion to dismiss.

I.      Preliminary Injunctive Relief

VOAW claims to be a charitable organization whose "mission is to provide objective, current, and accurate healthcare information to patients and physicians via radio, television, satellite broadcast, and the Internet." (Compl. ¶ 7.) It claims to supply information to citizens of Arab countries about healthcare options available in the United States, as well as physician referrals and transportation services for doctors and patients.

Medical News Now describes itself as a medical news organization and producer of a nationally broadcasted television series "MDTV Medical News Now." It produces a thirty-minute television program in a news format that focuses on medical-related topics. According to the defendant, the show has aired continuously since 1998. It is currently shown in over fifty geographic markets, where Medical News Now licenses the show to local television stations, which in turn, advertise and market components to medical practitioners who wish to educate their patients and consumer bases. For example, a doctor may participate as a guest expert on a particular show and later provide a copy of it to his or her patients. According to Medical News Now, the combined dollar revenues, including such marketing, total tens of millions of dollars.

Medical News Now owns U.S. trademark registrations for "MDTV" (No. 2,655,243)[1] and "MDTV MEDICAL NEWS NOW" (No. 3,081,061), both of which cover use of the mark in connection with certain commercial television programs. The application for the former was filed October 9, 1998, and the registration issued December 3, 2002. The application for the latter registration was also filed October 9, 1998, and the registration issued April 18, 2006. Medical News Now claims to have continually used the marks since 1998 in association with its medical-related television programming.

On September 25, 2000, VOAW also filed a U.S. trademark application[2] for the MDTV mark for use in connection with providing information and distance learning in the field of medicine to the Arab and Muslim world using radio, television, satellite broadcast, and the Internet. It was registered on September 9, 2008 (No. 3,497,465).[3] Initially, in 2003,VOAW's application was refused in light of the previously registered mark by Medical News Now. However, the United States Patent and Trademark Office ("PTO") later approved VOAW's application in 2008. Why this occurred is not clear. Medical News Now suggests it must have been a clerical error, and it theorizes that an examiner in the PTO saw that one application cited

---

[1] The mark is for:
> Broadcast services, namely broadcasting of public commercial cable television programs using a commercial cable service provided by a commercial cable operator, said commercial cable services for the provision of an open one-way transmission to public residential subscribers of said commercial cable programs as defined and governed by the Cable Communications Act of 1984[,]

and
> Entertainment services, namely, scheduling public commercial cable television programs using a commercial cable service provided by a commercial cable operator, said commercial cable service for the provision of open one-way transmission to public residential subscribers of said commercial cable programs as defined and governed by the Cable Communications Ac[t] of 1984[.]

(MDTV's Mot. TRO and Prelim. Inj. Ex. B.)

[2] VOAW also has a Massachusetts state trademark registration for the mark "MDTV." It received the registration (No. 58390) on January 27, 2000 for use in connection with medical information and distance learning in the medical field via radio, television, satellite broadcast, closed circuit, and the Internet.

[3] The mark is described as covering "Periodicals in the field of medicine for with [sic] distance learning educational services to the Arab and Muslim world," "Educational services; namely, providing distance learning presentations in the field of medicine via radio, TV, satellite broadcast and the Internet to the Arab and Muslim world," and "Providing information in the field of medicine via radio, TV, satellite broadcast and the Internet to the Arab and Muslim world." (MDTV's Mot. TRO and Prelim. Inj. Ex. E.)

as a potential basis for refusal of VOAW's application had been abandoned and perhaps thought that had been the only obstacle, overlooking Medical News Now's matured registration. It is not possible to know what happened, but it is not crucial in any event because the earlier registration of MDTV to Medical News Now clearly has priority over the later-issued registration.

The matter is before the Trademark Trial and Appeal Board of the PTO. In September 2008, Medical News Now filed a petition to cancel VOAW's registration; VOAW counterclaimed. The matter was stayed at the instance of VOAW when this action was filed.

Between November 4, 1998 (after Medical News Now's trademark application was filed) and February 1, 1999, VOAW registered various Internet domain names using "mdtv," including mdtv.net, mdtv.org, and mdtv.com. According to Medical News Now, between 2001 and August, 2009, VOAW maintained only static webpages at these addresses, featuring passive (i.e., not interactive) pages touting MDTV (VOAW's trade name for its services) as being "dedicated to providing information, services and products to the Arab and Muslim world that will provide benefit and good value to the people who use them." (Def. MDTV Medical News Now, Inc.'s Answer, Affirmative Defenses and Verified Countercls. Ex. C.)

Medical News Now alleges that VOAW earned no substantial revenues from its websites. During discovery conducted in the PTO cancellation proceeding, VOAW did not produce any documents showing its receipt of commercial revenue from its "mdtv" websites. Nor has VOAW offered any such evidence in the course of the present proceedings.

Medical News Now was aware of VOAW's use of "mdtv" on its websites, but says that so long as those sites were, by their own terms, directed only at "Arab and Muslim" audiences, Medical News Now did not regard VOAW's use of the mark as competitively damaging. Indeed, for a time, Medical News Now rented a banner on the VOAW sites pointing users interested in

its U.S.-directed programming to its own website, mdtvnow.com. It appears that Medical News Now lost interest in the banner referral when it produced little or no traffic.

In August, 2009, VOAW rewrote the text appearing on its previously static webpages by declaring a wider scope of intended services, by providing Internet links to certain medical entities, including doctors and such institutions as the Massachusetts Eye and Ear Infirmary, and by creating subdomain names. Significantly, the revised version of the websites deleted any limiting references to the "Muslim and Arab world." According to Medical News Now, these changes have resulted in a new danger of confusion in the United States market for medical-related informational services, and it seeks to protect its interest in its registered mark by obtaining an injunction.

In deciding whether to grant a preliminary injunction, a court must consider (1) the likelihood of the movant's success on the merits of its claims; (2) the anticipated incidence of irreparable harm if the injunction is denied; (3) the balance of likely hardships; and (4) the impact of the court's action on the public interest. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). Here, the central issues are the likelihood of Medical News Now's ultimate success on the merits of its infringement and cybersquatting claims and the prospect of irreparable harm to it if the injunction were to be denied. The two considerations tend to converge; in trademark infringement cases, where there is a substantial likelihood of success on the merits, the owner of the mark enjoys a presumption that it will suffer irreparable harm. See Camel Hair & Cashmere Inst. of Am. v. Associated Dry Goods Corp., 799 F.2d 6, 14 (1st Cir. 1986).

After consideration of the parties' submissions, I conclude that Medical News Now has a substantial likelihood of success on the merits of its trademark infringement claims. It is the

5

owner of the incontestable registration for the mark "MDTV" when used in connection with television programming for dissemination of medical-related information and educational materials. While VOAW also has a registered trademark, Medical News Now's has priority, and it is also possible that Medical News Now will succeed in obtaining cancellation of VOAW's registration in the now-stayed PTO proceeding. Moreover, Medical News Now has continuously exploited the mark commercially since 1998, while evidence of any commercialization by VOAW prior to 1998 is either dubious or, worse, non-existent.

VOAW argues that Medical News Now has known of, and acquiesced in, VOAW's use of "mdtv" for a number of years, and in light of that acquiescence, its claims of irreparable harm must be rejected. That might have been the case until August, 2009, when VOAW's use was still explicitly targeted to Arab and Muslim audiences. Medical News Now apparently would not disagree with that proposition. But the revision of the website pages to delete the limiting reference to a particular geographic or ethnic/cultural market has changed the calculus. The likelihood of confusion in the U.S. market is now at least theoretically increased, because U.S. users will not see any limiting references on VOAW's sites.

Likelihood of confusion is assessed by reference to eight factors: (1) the similarity of the marks; (2) the similarity of the rival parties' goods or services; (3) the relationship between the parties' channels of commerce; (4) the relationship between the parties' advertising; (5) the classes of prospective customers; (6) any evidence of actual confusion in the marketplace; (7) the alleged infringer's intent in adopting the mark; and (8) the strength of the plaintiff's mark. See Keds Corp. v. Renee Int'l Trading Corp. 888 F.2d 215, 222 (1st Cir. 1989).

Medical News Now fares well under these factors. The marks used by the parties are, of course, identical. Their services and target markets are also similar. Both market medical-related

information and programming, and they do so in the same channel of commerce, the Internet. Since August, 2009, any distinguishing limitations to particular submarkets have been eliminated by VOAW. There has been some indication of actual confusion, although that evidence is far from overwhelming, but the issue has not apparently been thoroughly developed by the parties through discovery or otherwise. Medical News Now's registered mark may not be, contrary to its assertion, particularly strong. The parties have not addressed the question in depth, but at first blush it seems to be a descriptive mark, which is a relatively weak one.

Nonetheless, I conclude that on the question whether there is a likelihood of confusion, the balance of factors tips in favor of Medical News Now. When that is considered in conjunction with VOAW's failure to rebut the presumption of irreparable harm that arises from the likelihood of success on the merits, I conclude that Medical News Now is entitled to injunctive relief.

Accordingly, a preliminary injunction will enter enjoining the Voice of the Arab World, Inc., its agents, servants, employees, officers, and any other persons acting in concert with it, from the use, sale, or promotion of the mark "MDTV," or formative versions of that mark, on the Internet, in connection with medical-related informational or educational programming or services. A bond shall be posted by Medical News Now in the sum of $5,000, which, in light of the limited evidence of commercialization by VOAW, is sufficient in the circumstances.

II.   Motion to Dismiss Third-Party Complaint

A defendant may serve a third-party complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Medical News Now names a number of nonparties, but they are not purportedly sued because they may be liable to Medical News Now if it is held liable on VOAW's complaint. In the first place, VOAW's complaint

seeks not to establish liability on the part of Medical News Now, but rather to achieve a declaration of its own non-liability. Moreover, so far as it appears from the "Third Party Complaint," the nonparties do not stand in such a relationship to either VOAW or Medical News Now that they may be responsible to Medical News Now for any liability that might be sought to be established against it. In short, the purported "Third Party Complaint" is no such thing. It is procedurally improper and should be dismissed.

III.   Conclusion

The motion of Medical News Now for a preliminary injunction is GRANTED. Voice of the Arab World, Inc., its agents, servants, employees, officers, and any other persons acting in concert with it, are each and all enjoined from the use, sale, or promotion of the mark "MDTV," or formative versions of that mark on the Internet, in connection with medical-related informational or educational programming or services, all pending further order of the Court.

The preliminary injunction ordered herein shall be effective only after Medical News Now has posted with the Clerk of this Court a bond in the sum of $5,000, in accordance with Federal Rule of Civil Procedure 65(c).

The plaintiff's motion to dismiss the "Third Party Complaint" is GRANTED, and that pleading is dismissed.

It is SO ORDERED.


   /s/ George A. O'Toole, Jr.
United States District Judge