UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11505-GAO

VOICE OF THE ARAB WORLD, INC.,
Plaintiff,

v.

MDTV MEDICAL NEWS NOW, INC.,
Defendant and Counterclaimant,

v.

VOICE OF THE ARAB WORLD, INC.,
Counterclaim Defendant.

ORDER
April 26, 2011

O'TOOLE, D.J.

The plaintiff, Voice of the Arab World, Inc., seeks a protective order limiting discovery as to the source of consulting fees reported on its tax returns for the year 2008 through the present. Under Federal Rule of Civil Procedure 26(c)(1), a district court may enter a protective order to prohibit or limit discovery for good cause shown to protect a party or person from annoyance, embarrassment, oppression, undue burden, or expense. Fed. R. Civ. P. 26(c)(1); Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 73 (1st Cir. 2005). The burden of demonstrating good cause rests on the proponent of the protective order. Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 789 (1st Cir. 1988). The court has broad discretion to determine when a protective order is appropriate and to what extent protection is required. Poliguin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993).

In support of its motion for a protective order, the plaintiff argues that the source of the consulting fees is "highly sensitive, private and entirely irrelevant to the litigation." (Voice of the Arab World, Inc.'s Mot. for Protective Order ¶ 11.) With respect to its privacy arguments, however, the plaintiff has failed to provide any details as to why information about the consulting fees requires the extraordinary protection it is seeking. The glaring absence of any particularized details beyond conclusory statements of need precludes a showing of good cause in this context. See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986).

Further, with respect its relevancy arguments, relevancy at the discovery stage of litigation is broadly construed and includes "any matter that is or may become an issue in the litigation." Whittingham v. Amherst Coll., 164 F.R.D. 124, 127 (D. Mass. 1995). At base, the plaintiff appears to argue that because it is willing to stipulate that the consulting work at issue does not involve the use of the disputed trademarks, any information about the consulting fees is irrelevant. The plaintiff essentially asks the defendant—and this Court—to simply "take its word for it." This is not enough to sustain its burden.

Consequently, the plaintiff has failed to establish it is entitled to a protective order excluding the topic of the consulting fees from discovery. The motion (dkt. no. 61) is DENIED.

It is SO ORDERED.

                                            /s/ George A. O'Toole, Jr.
                                            United States District Judge