UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11505-GAO

VOICE OF THE ARAB WORLD, INC.,
Plaintiff/Counterclaim Defendant,

v.

MDTV MEDICAL NEWS NOW, INC.,
Defendant/Counterclaim Plaintiff.

OPINION AND ORDER
March 29, 2012

O'TOOLE, D.J.

The plaintiff, Voice of the Arab World, Inc. ("VOAW"), filed this action against the defendant, MDTV Medical News Now, Inc. ("MNN"), seeking declaratory relief relating to a trademark dispute. MNN responded by bringing counterclaims against VOAW for trademark infringement, cybersquatting, and a variety of other federal and state-law claims. The plaintiff has filed a Motion for Summary Judgment on its affirmative claims as well as on the counterclaims asserted by the defendant. The defendant opposes summary judgment.

After careful review of the parties' submissions and after hearing, I conclude that genuine issues of material fact exist as to issues raised (including VOAW's acquiescence and estoppel defenses) with respect to all the claims except MNN's counterclaim for cybersquatting. As to that claim, on the undisputed facts the necessary elements of the cause of action cannot be made out, and VOAW is entitled to prevail as a matter of law.

The Anticybersquatting Consumer Protection Act aims to prevent "cybersquatters who register numerous domain names containing American trademarks or tradenames only to hold

them ransom in exchange for money." <u>N. Light Tech. v. N. Lights Club</u>, 97 F. Supp. 2d 96, 115 (D. Mass. 2000) (citing H.R. Rep. No. 106-412, at 5). To succeed on a cybersquatting claim, the proponent must prove (1) the claimant owns the right to the relevant mark; (2) the defendant has registered, trafficked in, or used a domain name that is identical or confusingly similar to a distinctive mark or a famous mark at the time of registration; and (3) the defendant had a bad faith intent to profit from the plaintiff's mark. <u>Id.</u>

VOAW argues there is no evidence that it registered the MDTV.com domain name in bad faith. The statue identifies nine factors a court may consider in determining the existence of bad faith. 15 U.S.C. § 1125(d)(1)(B)(i).[1] Further, Congress provided an "escape clause," which states that "bad faith shall not be found in any case in which the court determines that the person

---

[1] "(I) the trademark or other intellectual property rights of the person, if any, in the domain name; (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person; (III) the persons prior use, if any, of the domain name in connection with the bona fide offering of any goods or services; (IV) the persons bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (V) the person's intent to divert consumers from the mark owners online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site; (VI) the persons offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the persons prior conduct indicating a pattern of such conduct; (VII) the persons provision of material and misleading false contact information when applying for the registration of the domain name, the persons intentional failure to maintain accurate contact information, or the persons prior conduct indicating a pattern of such conduct; (VIII) the persons registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and (IX) the extent to which the mark incorporated in the persons domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of section 43."

believed and has reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. § 1125(d)(1)(B)(ii).

MNN argues that VOAW's registration of seventy-seven domain names in 1998-99 is evidence of bad faith. While this may suggest some intent to profit from the registrations, the fact of multiple registrations alone does not rise to the level of proving bad faith. Here, VOAW actually used these domain names to promote its legitimate business ventures, and no evidence is proffered that it used false or misleading contact information when registering the domain names. Id. Additionally, there is no evidence VOAW did not attempt to sell the domains to MNN; rather, MNN approached VOAW with an offer to purchase, which VOAW refused. In fact, VOAW has never sold a single one of its domain names. There is no evidence that VOAW knew of MNN or its use of the mark when it registered the domain names, nor is there evidence of any bad faith in the registration itself. MNN has been unable to point to evidence sufficient to sustain the cybersquatting claim, and VOAW is entitled to its dismissal.

VOAW's motion for summary judgment is thus GRANTED with respect to Count I of the Counterclaim, and the related claim for a declaratory judgment set forth in Count II of the Complaint, but otherwise is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge